**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Robert D. MEREDITH, Respondent.**

**No. 2006–SC–000524–KB.**

Supreme Court of Kentucky.

Aug. 24, 2006.

As Corrected Aug. 29, 2006.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Movant.

Robert D. Meredith, Leitchfield, Counsel for Respondent.

**OPINION AND ORDER**

The Kentucky Bar Association (KBA) charged Respondent, Robert D. Meredith (KBA Member No. 47320), 100 E. White Oak Street, Leitchfield, Kentucky, with violating SCR 3.130-1.3 and SCR 3.130-3.2 for improper handling of probate matters of the Estate of William Edwin Beit. Meredith moves this Court to sanction him by Public Reprimand. The KBA agrees, and we so order. Respondent does not dispute that he violated the Rules of Professional Conduct as charged in KBA File 10385.

Respondent was hired by Boyce Beit, Sr. to probate the estate of his brother, William Belt. On January 13, 1997, a Grayson District Court appointed Respondent as the Administrator of the William E. Beit estate. Shortly thereafter, Respondent filed an inventory on April 21, 1997.

Respondent failed to timely file the annual accounting reports of the estate with the Grayson District Court. Further, he filed the final settlement on December 28, 2005—almost nine years after the probate matter was opened. Respondent admits that he violated SCR 3.130–1.3 which pro-

vides that "a lawyer shall act with reasonable diligence and promptness in representing a client." Respondent violated this rule when he failed to act diligently and promptly in handling the probate case of the Belt estate.

Also, Respondent admits that he violated SCR 3.130–3.2, which provides that "a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Respondent violated this rule when he failed to make reasonable efforts to expedite the probate case of William Belt.

Upon the foregoing charges and facts, it is ordered that the Respondent's Motion for Public Reprimand be granted. Therefore, it is ORDERED that:

1. Respondent, Robert Meredith, is hereby publicly reprimanded for violating SCR 3.130–1.3 and SCR 3.130–3.2.

2. In accordance with SCR 3.450, Meredith is directed to pay all costs associated with these disciplinary proceedings in the amount of $26.06, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert

Chief Justice